UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DEBORAH J. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:16-cv-00151-TWP-TAB |
| ) | |
| RETIREMENT PLAN OF GENERAL ) | |
| MILLS, INC. AND THE BAKERY, ) | |
| CONFECTIONARY, TOBACCO AND ) | |
| GRAIN MILERS INTERNATIONAL UNION ) | |
| (BCTGM), ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO STAY LITIGATION AND COMPEL ARBITRATION**

**I.     Introduction**

This cause is before the Court on Defendant's motion to stay litigation and compel arbitration.  [Filing No. 27.]  Although Plaintiff gallantly raises a number of objections to this motion [Filing No. 32], the Court agrees this action should be stayed, and that the parties must proceed to arbitration.

**II.     Discussion**

As set forth in Defendant's brief, Plaintiff was offered, accepted, and received over $20,000 to enter into a contract in which she released, and agreed to arbitrate all disputes to, her claims in this action.  [Filing No. 35, at ECF p. 1.]  Plaintiff agreed to arbitrate "any dispute or claim arising out of or relating to the above release of claims, including, without limitation, any dispute about *the validity or enforceability of the release or the assertion of any claim covered by the release...*"  (*Emphasis added*).  [Filing No. 28-1, at ECF p. 2.]  This sweeping language requires that all issues of the arbitration agreement's enforceability and scope must be arbitrated.

Plaintiff argues that the Plan is not a party to the agreement because "the Plan is a separate legal entity, and is not GMI" or its affiliate. [Filing No. 22, at ECF p. 12.] However, the facts show the Plan is sponsored and maintained by GMI. It uses GMI's Employer Identification Number for government reports and GMI's address for legal service of process. GMI is the Plan's financial fiduciary, must contribute amounts necessary to maintain the Plan, selects the Plan's trustee, and has the right to modify or amend the Plan. And any Plan assets not required for benefit payments revert to GMI. Thus, the Plan is a party to the agreement because it is part of GMI. Likewise, the Plan is an "affiliate" of GMI. Therefore, the Plan is so inherently interconnected with GMI that it is a party to the agreement.

The Plan is also entitled to enforce the agreement because it is intended to benefit from it. A third party may enforce a contract to which it is not a party but is an intended beneficiary if it shows: (1) a clear intent by the parties to the contract to benefit the third party; (2) a duty imposed on one of the contracting parties in favor of the third party; and (3) performance of the contract's terms is necessary to render the third party the intended benefit. *Barth Elec. Co. v. Traylor Bros., Inc.,* 553 N.E.2d 504, 506 (Ind. Ct. App. 1990). Plaintiff's release of all claims, without limitation, under ERISA, demonstrates that the release is intended to benefit the Plan. All claims under ERISA relate to benefit plans and some claims under ERISA may be asserted against only a benefit plan. As in *Barth,* the terms of the agreement demonstrate that the Plan is intended to benefit from the release, and accordingly the Plan has the right to enforce it.

Plaintiff next argues that the Plan has forfeited any right to enforce the arbitration clause by failing to provide him pertinent information and by actively litigating this lawsuit. The Court finds no support for Plaintiff's claim that Defendant's counsel misled her and thus Defendant waived the Plan's right to enforce the agreement. The origin of this claim is that in response to Plaintiff's counsel's October 28, 2016, e-mail about whether the agreement would

affect Plaintiff's claims in this litigation, Defendant's counsel responded on October 31 that they would inquire with the Plan. On November 1, 2016, Plaintiff's counsel responded that Plaintiff would assume that the agreement did not affect her claims in this litigation until told otherwise. Plaintiff argues that because counsel did not later inform her that the agreement did release her claims in this lawsuit, the Plan has forfeited its right to enforce it. [Filing No. 32, at ECF p. 16.]

      The problem with this argument is that Plaintiff executed the release agreement on October 28, 2016, the same day she first contacted the Plan's counsel. She signed it "knowingly, voluntarily and without reliance upon any statements made by or on behalf of GMI except those in [the Release Agreement] or the other written information provided to [her] in connection with this [Release Agreement]." [Filing No. 28-1, at ECF p. 3.] Defense counsel's e-mail to Plaintiff's counsel three days later stating that counsel would seek information about the scope of the agreement does not defeat the release's plan language or forfeit the Plan's rights under it.

      Nor is the Court persuaded by Plaintiff's argument that the Plan waived its right to arbitrate by litigating this dispute. Plaintiff executed the agreement on October 28, 2016. The Plan received the executed agreement sometime in November. On November 30, the Plan moved for leave to amend its answer to add an affirmative defense related to its right to compel arbitration, and assert a counterclaim to compel arbitration. [Filing No. 15.] That same day, the Plan also moved for an extension of time to file the administrative record until after the Court had ruled on its motion for leave to amend, which the Court granted on December 21, 2016. The Plan filed its amended answer and counterclaim to compel arbitration the next day. [Filing No. 21, Filing No. 22.] On January 6, the Court granted the Plan's motion for an extension of time to file the administrative record, and the Plan moved to stay this litigation and compel arbitration three days later. [Filing No. 26, Filing No. 27.] As these facts reveal, the Plan acted to enforce its arbitration rights 33 days after Plaintiff executed the release. This brief timespan does not

3

amount to waiver, and the Plan's participation in a Court-ordered status conference does not change this fact.

Finally, Plaintiff argues that her substantive claims are not covered by the release and that she released only ERISA discrimination and retaliation claims. The unambiguous terms of the agreement demonstrate otherwise. Plaintiff released—and agreed to arbitrate— *all* claims under ERISA "without limitation." And because Plaintiff's claims relate to her employment at GMI and arise under ERISA, they fall within the scope of the release and, consequently, its arbitration provision.

Plaintiff's reliance on the release's exemption for "any and all vested benefits acknowledged by GMI as benefits to which [Plaintiff is] entitled as a participant in any GMI benefit plans" is misplaced. Plaintiff does not have a vested right to—and GMI has not acknowledged that she is entitled to—a disability pension from the Plan. Vested benefits are nonforfeitable. *Vallone v. CAN Fin. Corp.*, 375 F.3d 623, n.5 (7th Cir. 2004). Here, Plaintiff is seeking disability pension benefits. Plan participants must meet specific eligibility criteria to quality for these benefits. Absent demonstrated eligibility, a participant is not entitled to them. A participant who is awarded disability benefits must submit to reoccurring eligibility examinations. If the participant is found ineligible, the disability benefits terminate. Thus, unlike certain other retirement benefits under the Plan, disability retirement benefits are forfeitable. Therefore, the release exemption does not save the day for Plaintiff.

**III.     Conclusion**

For these reasons, the Court finds that the agreement at issue is enforceable and requires Plaintiff to arbitrate questions about the Plant's right to enforce it and whether it governs her substantive claims. Therefore, the Court stays this action, compels arbitration, and denies Plaintiff's request for fees.

Dated: 3/29/2017

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email