UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DEBORAH J. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00151-TWP-DML |
| | ) | |
| RETIREMENT PLAN OF GENERAL MILLS, | ) | |
| INC. AND THE BAKERY, CONFECTIONARY, | ) | |
| TOBACCO AND GRAIN MILLERS | ) | |
| INTERNATIONAL UNION (BCTGM), | ) | |
| | ) | |
| Defendant. | ) | |

### ENTRY GRANTING PLAINTIFF'S MOTION TO LIFT THE STAY

This matter is before the Court on the Plaintiff Deborah Johnson's ("Johnson") Motion to Lift the Stay and Allow Her Vested ERISA Pension Claims to Proceed against Defendant Retirement Plan of General Mills Inc. and the Bakery, Confectionary, Tobacco and Grain Millers International Union (BCTGM) ("the Plan") (Filing No. 41). For the reasons that follow, the Motion is **GRANTED**.

### I. BACKGROUND

Johnson is a vested participant in the Plan. On October 29, 2015, Johnson received notice that her claim to commence her Plan benefits for Disability Retirement had been denied after review of her Application for Disability Retirement and Physician's Report of Disability, because the findings indicate that Johnson is not totally and permanently disabled and is able to engage in substantial gainful activity and could return to work with medical restrictions[1]. (Filing No. 32-2.)

---

[1] At the time the Plan denied Johnson's claim for disability benefits it noted she had not been approved for disability by the Social Security Administration. (Filing No. 32-2 at 1.) Johnson now contends that the favorable Social Security determination is outcome determinative as to her claims, establishing her right to receive Disability Retirement benefits under the Plan.

On August 19, 2016, Johnson filed this lawsuit seeking to recover her vested ERISA pension benefits payable as a Disability Retirement. ([Filing No. 1](#).) On January 6, 2017, the Plan filed a Motion to Stay Litigation and Compel Arbitration. ([Filing No. 27](#).) The Magistrate Judge granted the stay on March 29, 2017, and Johnson objected. ([Filing No. 36](#).) The Court issued the stay to compel arbitration between the two parties because Johnson consented to arbitration through a signed Release Agreement included in her severance package ("the Release") ([Filing No. 23-1 at 1](#)). On August 25, 2017, the Court adopted the Magistrate Judge's order and overruled Johnson's objection. ([Filing No. 40](#).)

On October 25, 2017, Administrative Law Judge D. Lyndell Pickett approved Johnson's claim for Social Security disability benefits. ([Filing No. 41-1](#).) On October 31, 2017, Johnson advised the Plan of her approval for Social Security disability benefits and requested it remit her Disability Retirement benefits. ([Filing No. 41-2](#).) To date the Plan has failed to comply. Johnson contends the award of Social Security disability established her right to receive Disability Retirement benefits under the terms the retirement plan of General Mills, Inc. (formerly, The Pillsbury Co.) and the Bakery, Confectionary, Tobacco Workers and Grain Millers International Union (AFL-CIO-CLC) ("the Retirement Plan"). ([Filing No. 32-1 at 11](#)). The Retirement Plan includes a Disability Retirement Age. *Id.* at 12.

Pursuant to the terms of the Release the Plan relied on for compelling arbitration, the Plan was required to pay the full cost of the arbitration—specifically the American Arbitration Fee (the "AAA Fee") ("GMI will pay the AAA Fee, as well as the Arbitrator's fees and expenses, for any arbitration proceeding under this provision.") ([Filing No. 31-3 at 3](#)). If Johnson initiates the arbitration process, she is required to pay a filing fee of no less than $300.00. The balance of any fees are required to be paid by the employer/company. ([Filing No. 41-3](#).)

To date, the Plan has made no effort to initiate the arbitration process. On November 15, 2017, the Plan refused to provide Disability Retirement benefits to Johnson, following its receipt of notice of Johnson's favorable Social Security disability award. ([Filing No. 42-1 at 3-4](#).) Johnson reminded the Plan of its obligation to pay the AAA Fee—to initiate the arbitration so she could quickly resolve her claims. On December 8, 2017, Johnson filed her Motion to Lift Stay ([Filing No. 41](#)).

## II. LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Simon v. Muschell*, No. 1:09-CV-301-JTM, 2014 WL 1651975, at *1 (N.D. Ind. Apr. 18, 2014) (quoting *Clinton v. Jones*, 117 S.Ct. 1636, 1650 (1997)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 284, 254 (1936). The ability to lift a stay previously enforced is included in this power.

## III. DISCUSSION

Johnson requests that the Court lift the stay in this proceeding and allow her vested ERISA pension claims to proceed. Johnson contends that: (1) the Plan's refusal to pay the AAA Fee and thereby initiate the arbitration process, a process that it requested, is inconsistent with its right to arbitrate; (2) is in breach of the Release terms (a condition precedent); and (3) is prejudicial to Johnson given the delayed payment of her Disability Retirement benefits which have been clearly established by the favorable Social Security disability award. ([Filing No. 41 at 3](#).) The Plan responds that the stay should not be lifted, due to this Court's prior orders granting the stay and

that Johnson is not entitled to litigate her claims pursuant to the Federal Arbitration Act ("FAA").[2] ([Filing No. 42 at 1](#).)

> The FAA permits a district court to stay litigation and refer the case to arbitration.
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

As stated earlier, the Court originally issued the stay to compel arbitration between the two parties because Johnson consented to arbitration through a signed Release included in her severance package, ([Filing No. 23-1 at 1](#)), and held that the Plan did not forfeit its right to compel arbitration. ([Filing No. 40](#).) As a result, the parties were ordered to participate in arbitration. As noted previously, under the terms of the Release, the Plan was required to pay the AAA Fee, as well as the arbitrator's fees and expenses, for any arbitration proceeding subject to Release. Eleven months have passed since the Court's order, and arbitration has still not commenced due to the Plan's refusal to uphold its end of the bargain and pay the AAA Fees. Approximately, eight months have passed since Johnson's Motion to Lift the Stay, which contains an allegation that the Plan has now waived its right to arbitration in that its refusal to pay the AAA Fee amounts to a failure to initiate arbitration breaching the Release.

---

[2] The Plan also identifies Rule 60(b) as a potential legal standard for evaluating Johnson's Motion to Lift the Stay. Johnson concedes that this legal standard is inapplicable, and she could not have sought relief under this rule because the Court's order staying this case and compelling arbitration was a non-final interlocutory order. ([Filing No. 42 at 4](#); [Filing No. 43 at 5](#).) The Court agrees with Johnson, and dispenses discussion of this argument as it was not put forward by the moving party.

There is no bright line rule that dictates whether a waiver has occurred; instead, the Court examines whether "based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." *Grumhaus v. Comerica Securities, Inc.,* 223 F.3d 648, 650–651 (7th Cir.2000) (citations omitted) (finding plaintiffs' failure to initiate arbitration for several months weighed in favor of waiver of arbitration rights). "Failure to pay AAA Fees constitutes a "default" under § 3." *Pre-Paid Legal Servs., Inc. v. Cahill,* 786 F.3d 1287, 1294 (10th Cir. 2015) (holding that failure to pay AAA Fees amounts to an act inconsistent with the right to arbitrate).

The Court agrees with Johnson that the FAA supports lifting the stay due to the Plan's failure to pay the AAA Fee to initiate arbitration, pursuant to the Release. Not only did the Release entitle the Plan to arbitrate, but the Plan also had the benefit of this Court's order compelling arbitration. Therefore, the eleven-month delay in initiating arbitration falls squarely within §3 as a default in proceeding with arbitration. The Plan's inaction has prejudiced Johnson in delaying a resolution of this case on the merits. The Plan repeatedly refers to this Court's and the Magistrate Judge's previous orders compelling arbitration. ([Filing No. 42 at 2](#).) ("Both orders confirm that (a) the Release is valid and the Plan is entitled to enforce it; (b) Johnson's claims against the Plan fall within the Release's scope; and (c) Johnson must arbitrate any dispute she has with these conclusions.") *Id.* The Release was valid and Johnson was required to arbitrate her claims against the Plan, pursuant to the scope of the Release. However, those orders were signed on March 29, 2017 and August 25, 2017, respectively. The Plan has failed to pay the AAA Fee to initiate arbitration, as also required by the Release, despite numerous requests by Johnson's counsel to pay the fees. At this juncture, waiver is entirely appropriate.

Johnson also contends that the award of Social Security disability is outcome determinative as to her claims, establishing her right to receive Disability Retirement benefits under the Retirement Plan. While the Retirement Plan provides that a disability determination qualifies a participant with a disability for purposes of the Retirement Plan, the Plan representatives have not responded and in fact, reserve the right to address the substance of Johnson's claims. ([Filing No. 42 at 9](#) n.6).

Finally, the Plan requests attorneys' fees in responding to Johnson's Motion, relying on the Court's previous orders entitling it to arbitration. ([Filing No. 42 at 10](#).) Johnson responds that "it was the Plan's inaction, failure to pay the required fees, and disregard of the Social Security decision, that left Ms. Johnson with no choice but to file the instant motion." ([Filing No. 43 at 6](#).) As discussed above, the Plan has waived its right to arbitration, and its inaction has left Johnson in limbo regarding a resolution, pursuant to the Plan's obligations under the Release to initiate the arbitration process. Thus, the Court denies the Plan's request for attorneys' fees. Moreover, because Johnson's Motion was successful, the Plan is not entitled to attorneys' fees.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Johnson has demonstrated good cause to lift the stay and allow her ERISA pension and related claims to procced against Defendant Retirement Plan of General Mills Inc. and the Bakery, Confectionary, Tobacco and Grain Millers International Union (BCTGM). Johnson's Motion to Lift Stay and Allow Her Vested ERISA Pension Claims to Proceed ([Filing No. 41](#)) is **GRANTED**. The **STAY IS LIFTED** and the parties are **ORDERED** to contact the Magistrate Judge within **seven (7) days of the date of this Entry** to schedule a conference in order to amend the Case Management deadlines.

**SO ORDERED.**

Date: 7/31/2018

_signature: Tanya Walton Pratt_

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew M. Grabhorn
GRABHORN LAW OFFICE PLLC
a.grabhorn@grabhornlaw.com

Michael D. Grabhorn
GRABHORN LAW OFFICE, PLLC
m.grabhorn@grabhornlaw.com

Philip John Gutwein, II
FAEGRE BAKER DANIELS LLP (Indianapolis)
philip.gutwein@faegrebd.com

Stephanie L. Boxell
FAEGRE BAKER DANIELS LLP (Indianapolis)
stephanie.boxell@faegrebd.com